UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GESNERSON LOUISIUS,

    Plaintiff,

vs.                                    CASE NO. 6:14-cv-00931-GKS-GJK

WARDEN SHANNON VARNES;
CAPTAIN PAUL SCHAUBLE; and
CORRECTIONAL OFFICER DWAYNE
CHAUNCEY,

    Defendants.
_____/

**MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD PARTIES**

Plaintiff hereby moves for leave to amend his complaint and add parties and states the following in support of his motion:

1.    Undersigned counsel have reviewed Defendants' discovery responses and have identified several additional parties who are liable to Plaintiff.

2.    Undersigned counsel have learned through their review of documents that Colonel Daniel Hopkins was in the chain of command from Warden Varnes to Correctional Officer Chauncey and that he, like Warden Varnes and Captain Schauble, knew of dangerous conditions in Louisius' dorm but deliberately failed to correct those conditions or to direct those under his supervision to remedy those conditions. Further, Colonel Hopkins failed to discipline the negligent officers below him in the chain of command. Undersigned counsel is informed that an FDOC Colonel is the Chief Correctional Officer in charge of security for an institution. Colonel Hopkins' misconduct subjects him to liability under Section 1983 and the various state tort claims.

3.      Undersigned counsel have learned that Sergeant Thomas Mathis was responsible for supervising Correctional Officer Chauncey and the A-dormitory during the time of the incident. Moreover, Sergeant Thomas Mathis was responsible for relieving Correctional Officer Chauncey during breaks and other absences from the A-dormitory. Sergeant Mathis was Correctional Officer Chauncey's direct supervisor and was responsible for monitoring the overall operation of the A-dormitory. As a "rover," Sergeant Mathis and would have been aware of Correctional Officer Chauncey's presence in or absence from the A-dormitory and would have also been aware of Correctional Officer Chauncey's habitual absence from the A-dormitory and also his absence on the date of the incident. Lastly, Sergeant Thomas Mathis failed to discipline Correctional Officer Chauncey for his failure to properly supervise the A-dormitory. Sergeant Mathis' misconduct subjects him to liability under Section 1983 and the various state tort claims.

4.      On March 5, 2015, Defendants finally identified, among others, Senior Classification Officer Debra Chancey, Classification Officer Ann Smith, and Senior Classification Nilda Mier, as among the "Lancaster personnel responsible for classification duties on May 7, 2013."[1] During an audio recording created during the investigation of the incident, Correctional Officer Chauncey states, in response to the investigator's questioning "well I'd come back from was (sic) running classification that day, Ms. Smith Ms. Meer were doing their classification, I went into their office, I think it was Ms. Smith's im or was (sic) doing the inmates at that time . . . ." In his responses to Plaintiff's Interrogatories, provided today, March

---

[1] Although they did contain this information, Defendants' responses to Plaintiff's Interrogatories and Requests for Production were nearly completely useless, dilatory, and violate of the Federal Rules of Civil Procedure. In particular, Defendants refuse to produce any documents at all in response to Plaintiff's Requests for Production and deliberately evade the clear language of the interrogatories in formulating their responses. If these deficiencies are not corrected by Defendants then Plaintiff will have no choice but to resort to motion practice to obtain the information he needs.

19, 2015, Correctional Officer Chauncey states "[t]here were approximately three classification officers who Chauncey spoke with at some point during that day. Although Chauncey is not certain, he believes that the classification officers he spoke to that day (or on days near that date) may have been Debra Chancey or Ann Smith or Nilda Mier (or some or all of those officers)." Classification Officers Chancey, Smith and Mier apparently either enlisted or tolerated Correctional Officer Chauncey's presence in their office(s) for classification purposes when they knew that Correctional Officer Chauncey was the only guard assigned to the A-dormitory, that he was supposed to be supervising the inmates instead of performing "classification" and that violent incidents could occur in his absence. Absent extraordinary circumstances not applicable in this instance, Correctional Officer Chauncey had no proper business in the classification office. The classification officers' misconduct subjects them to liability under Section 1983 and the various state tort claims.

5. In light of this Honorable Court's ruling on Defendants' Motion to Strike and Motion to Dismiss, (Doc. 41) it would also be beneficial to all concerned for Plaintiff to file an Amended Complaint clarifying or removing various allegations, remarks, parties and claims.

6. This motion is not made for any improper purpose and will not prejudice any party.

**ARGUMENT**

Under Rule 15(a)(2), a court should "freely give leave" to amend a complaint. Pursuant to Rule 15(a), "timely motions for leave to amend are held to a very liberal standard and leave to amend should be freely given when justice so requires . . . As a result, the Court must provide substantial justification if the Court denies a timely filed motion for leave to amend." *Dunn-Fischer v. Collier County*, 10-512, 2011 WL 1740186 at *1 (M.D. Fla. May 5, 2011) (Chappel,

J.) (citations and quotes omitted). When a plaintiff files a motion for leave to amend within the time prescribed by the scheduling order, as Plaintiff has here, Rule 15(a)'s liberal amendment standard applies. *Sosa v. Airsprint*, 133 F.3d 1417 (11th Cir. 1998).

Even when a motion is not timely, courts still allow a plaintiff to amend a complaint to add parties. For example, in *Taylor v. Florida State Fair Authority*, 875 F.Supp. 812 (M.D. Fla. 1995) (Kovachevich, J.), the court allowed an amendment, over the objection of one of the very same defense counsels who appear in this action, even though the Case Management and Scheduling Order said that a motion to amend a pleading would be "distinctly disfavored." *Id*. at 815. In that case, as here, the plaintiff had been conducting a diligent investigation and nearly a year remained before trial. In this case, this Honorable Court specifically allowed Plaintiff until March 20, 2015 to move to add parties and amend the pleadings and stated that "Plaintiff will soon have the discovery responses it needs to determine whether he wants to add any parties or amend his pleadings." (Doc. 39) Plaintiff has timely availed himself of this opportunity less than two weeks after receiving "responses" to his discovery requests. Similarly, in *Drayton v. Valdez*, 13-1554, 2014 WL 103468 at *4 (M.D. Fla. Jan. 10, 2014), Judge Bucklew granted a motion for leave to add a party in a Section 1983 action over the defendants objection that the amendment was both futile and dilatory in that it was designed to destroy diversity jurisdiction. Where, as here, no good reason exists to deny this motion, this Honorable Court should apply Rule 15(a)'s liberal amendment standard.

A motion property requests leave to amend a complaint if it sets forth the substance of the proposed amendment. *Dunn-Fischer v. Collier County*, 10-512, 2011 WL 1740186 at *2 (M.D. Fla. May 5, 2011). This motion provides substantial detail about the proposed Amended Complaint and therefore complies with the standard. In *Dean v. Barber*, 951 F.2d 1210, 1215-16

(11th Cir. 1992), a Section 1983 action involving an inmate assault, the Eleventh Circuit held that it was an abuse of discretion to deny a prisoner the right to amend his complaint to add the Chief Correctional Officer even though he was not identified by name in the motion. *Accord Foman v. Davis,* 371 U.S. 178, 182 (1962) ("Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.")

Here, Plaintiff has adequately provided the substance of the claims he wishes to assert in the Amended Complaint, adequately identified the parties to be added, and timely requested leave to amend pursuant to this Court's Orders. For these reasons the Plaintiff respectfully asserts that his request to amend the Complaint should be granted.

WHEREFORE, Plaintiff respectfully requests leave to amend his complaint to add parties within 15 days of the granting of this motion.

| | |
|---|---|
| FILED: March 19, 2015. | Respectfully Submitted, |
| /s/Michael Paul Beltran_____ | |
| MICHAEL P. BELTRAN | MICHAEL C. SASSO |
| Fla. Bar. No.: 093184 | Fla. Bar No.: 368415 |
| **BELTRAN LITIGATION, P.A.** | MICHAEL A. SASSO |
| 405 S. Dale Mabry Hwy. #370 | Fla. Bar No.: 093814 |
| Tampa, FL 33609 | **MICHAEL C. SASSO, P.A.** |
| 813-870-3073 (o) | 1031 West Morse Blvd., Suite 120 |
| Primary E-mail: mike@beltranlitigation.com | Winter Park, Florida 32789 |
| Secondary E-mail: michaelpaulbeltran@gmail.com | (407) 644-7161 (o) |
| | (407) 629-6727 (f) |
| | Primary E-mail: notice@sasso-law.com |
| | Secondary E-mail: msasso@sasso-law.com |
| | Secondary E-mail: masasso@sasso-law.com |
| | *Attorneys for Gesnerson Louisius* |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Undersigned conferred with Scott Danahy, counsel for Defendants, regarding this motion.  In a series of follow-up emails, Mr. Danahy supported the idea of amending the Complaint to remove the remark(s) stricken by this Honorable Court and then later stated that "[w]ith the understanding that the amendment will be to add Colonel Hopkins and Sgt Mathis – and that the amended complaint will not include any new claims other than those asserted in the initial complaint – we do not oppose the motion to amend, and will of course respond appropriately to the amended complaint."  Undersigned counsel immediately responded to note that he planned to add the Classification Officers but Mr. Danahy has not yet responded to that email.

/s/Michael Paul Beltran
Michael Paul Beltran

## CERTIFICATE OF SERVICE

I, Michael Beltran, certify that a true and correct copy of the foregoing has been served on counsel for all parties via the Court's CM/ECF system this the 19th day of March, 2015.

/s/Michael Paul Beltran
Michael Paul Beltran
Fla. Bar. No. 093184
Beltran Litigation, P.A.
405 S. Dale Mabry Hwy. #370
Tampa, FL 33609
813-870-3073(o)
mike@beltranlitigation.com